IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,384-01






EX PARTE GILBERTO ROSALES PINEDA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 241-81706-98 IN THE 114TH DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to ten years' imprisonment. He did not appeal his
conviction.

 Applicant contends that he should not have been adjudicated guilty because he never received
notice that his period of probation had been extended for five years. He also contends that trial
counsel never advised him that his period of probation had been extended. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. According to the
record, Applicant's trial counsel at the adjudication of guilt proceeding filed an affidavit with the
trial court in response to Applicant's claim. There is no indication from the record, however, that
Applicant's other trial counsel responded to his claim. The trial court shall provide Applicant's other
trial counsel with the opportunity to respond to his claim. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's period of probation was
extended and, if so, whether he or his counsel received notice of the extension. The trial court shall
also make findings and conclusions as to whether the performance of Applicant's counsel was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The original plea papers and the
order extending Applicant's period of probation, if any, shall also be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: March 11, 2009

Do not publish